IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JACQUELINE REED, KEVIN STINSON,
EILEEN D. HALL, TERRELL ELEAM,
DELANO THOMAS,

        Plaintiff(s),

    v.

INTERNATIONAL UNION OF PAINTERS,
ALLIED TRADES, DISTRICT COUNCIL #57,
DRYWALL UNION, LOCAL 2006,

        Defendant(s).

08cv1186
**ELECTRONICALLY FILED**

## Memorandum Order Re: Doc. No. 61

This is an employment discrimination action. Plaintiffs, who are African American skilled workers in the area of drywall finishing, and are union members, allege that the International Union of Painters, Allied Trade, District Council #57, Drywall Union, Local 2006, and the International Union of Painters and Allied Trades AFL-CIO, CLC ("union defendants"), as well as the construction companies/contractors ("contractor defendants"), Wyatt, Inc., Ram Acoustical, Inc., and Easley & Rivers, Inc., discriminated against them on the basis of their race. In their fourteen count third amended complaint, plaintiffs allege that the union defendants and the contractor defendants discriminated against them on the basis of race and that they were subject to systematic disparate treatment under Title VII and the Pennsylvania Human Relations Act (PHRA); that the union defendants breached a duty of fair representation with respect to hiring decisions, failing to process and pursue their grievances, and failing to negotiate and administer the Collective Bargaining Agreement (CBA); that the union defendants have retaliated against them; and, that the contractor defendants breached the CBA.

Pending before this Court is the motion to dismiss filed on behalf of the International Union of Painters and the Allied Trades ALF-CIO, CLC (doc. no. 61), and plaintiffs' response in opposition thereto (doc. no. 66).

In deciding a motion to dismiss pursuant to Fed.R.Civ.P. Rule 12(b)(6), the Court accepts the well-pleaded factual allegations of the complaint as true, and draws all reasonable inferences therefrom in favor of the plaintiff. *Armstrong Surgical Ctr., Inc. v. Armstrong County Mem'l Hosp.*, 185 F.3d 154, 155 (3d Cir. 1999). A claim should not be dismissed if the factual allegations raise a right to relief "above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 1955 (2007). *See also Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (*Twombly* 's "plausibility" paradigm for evaluating the sufficiency of complaints is not restricted to the antitrust context but is equally applicable in context of civil rights actions and Rule 12(b)(6) review in general), *cited with approval in Wilkerson v. New Media Tech. Charter School Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) ("Today, we extend our holding in *Phillips* to the employment discrimination context. The plausibility paradigm announced in *Twombly* applies with equal force to analyzing the adequacy of claims of employment discrimination."); *Sovereign Bank v. BJ's Wholesale Club, Inc.*, ___ F.3d ___, 2008 WL 2745939 (3d Cir. 2008) (*Twombly* paradigm applies in context of breach of contract, negligence, and equitable indemnification action against merchant and against affiliate of bank that processed credit card transactions).

As explained and clarified by the United States Court of Appeals for the Third Circuit in the *Phillips* case:

> In determining how *Twombly* has changed [the Rule 12(b)(6)] standard, we start with what *Twombly* expressly leaves intact. The Supreme Court reaffirmed that Fed.R.Civ.P. 8 " 'requires only a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant

fair notice of what the ... claim is and the grounds upon which it rests,' " and that this standard does not require "detailed factual allegations." *Twombly*, 127 S.Ct. at 1964 (quoting *Conley* [*v. Gibson*, 355 U.S. 31, 47 (1957)]. The Supreme Court also reaffirmed that, on a Rule 12(b)(6) motion, the facts alleged must be taken as true and a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits. See *id*. at 1964-65, 1969 n. 8. The Supreme Court did not address the point about drawing reasonable inferences in favor of the plaintiff, but we do not read its decision to undermine that principle.

. . . First, . . . [t]he Court explained that Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Id*. at 1965 n. 3. Later, the Court referred to "the threshold requirement of Rule 8(a)(2) that the 'plain statement' possess enough heft to 'sho[w] that the pleader is entitled to relief.' " *Id*. at 1966. The Court further explained that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965 & n. 3.

Second, the Supreme Court disavowed certain language that it had used many times before -- the "no set of facts" language from *Conley*. See *id*. at 1968. It is clear that the "no set of facts" language may no longer be used as part of the Rule 12(b)(6) standard. As the Court instructed, "[t]his phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 127 S.Ct. at 1969. We find that these two aspects of the decision are intended to apply to the Rule 12(b)(6) standard in general. . . .

. . . [T]he *Twombly* decision focuses our attention on the "context" of the required short, plain statement. Context matters in notice pleading. Fair notice under Rule 8(a)(2) depends on the type of case-some complaints will require at least some factual allegations to make out a "showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 127 S.Ct. at 1964. Indeed . . . , we understand the Court to instruct that a situation may arise where, at some point, the factual detail in a complaint is so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8. . . . Put another way, in light of *Twombly*, Rule 8(a)(2) requires a "showing" rather than a blanket assertion of an entitlement to relief. We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests. See *Twombly*, 127 S.Ct. at 1965 n. 3.

. . . The second important concept we take from the *Twombly* opinion is the rejection of *Conley*'s "no set of facts" language. The *Conley* language was problematic because, for example, it could be viewed as requiring judges to

> speculate about undisclosed facts. . . . After *Twombly*, it is no longer sufficient to allege mere elements of a cause of action; instead "a complaint must allege facts suggestive of [the proscribed] conduct." . . .
>
> * * *
>
> Thus, under our reading, the notice pleading standard of Rule 8(a)(2) remains intact, and courts may generally state and apply the Rule 12(b)(6) standard, attentive to context and an showing that "the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 127 S.Ct. at 1964. It remains an acceptable statement of the standard, for example, that courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." . . .

*Phillips*, 515 F.3d at 231-234 (parallel and additional citations omitted). See also *Budinsky v. Pennsylvania Dept. of Envt'l. Res.*, 819 F.2d 418, 421 (3d Cir. 1987) (in making this determination, the district court must construe the pleading in the light most favorable to the non-moving party) and *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (court will accept all factual allegations in complaint as true, but is not compelled to accept "unsupported conclusions and unwarranted inferences" or "a legal conclusion couched as a factual allegation").

Since the Federal Rules of Civil Procedure continue to require notice pleading, not fact pleading, to withstand a Rule 12(b)(6) motion, the plaintiff "need only make out a claim upon which relief can be granted. If more facts are necessary to resolve or clarify the disputed issues, the parties may avail themselves of the civil discovery mechanisms under the Federal Rules." *Alston v. Parker*, 363 F.3d 229, 233 n.6 (3d Cir. 2004), *quoting Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512 (2002) ("This simplified notice pleading standard relies on liberal discovery rules . . . to define facts and issues and to dispose of unmeritorious claims.").

Viewed in light of the forgoing liberal pleading standards, this Court simply cannot say, at this early stage of the proceedings, that the facts alleged in plaintiffs' third amended complaint

do not rise above the speculative level or that they do not support the causes of action alleged.

**AND NOW,** this 27th day of April, 2009**, IT IS HEREBY ORDERED** that the International Union of Painters and Allied Trades AFL-CIO, CLC's motion to dismiss (doc. no. 61) is **DENIED** without prejudice to raising the issues set forth therein in a motion for summary judgment at the appropriate time, following the completion of discovery.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties